The next case for argument this morning is Horia v. Nationwide Credit & Collection. May it please the Court. Mr. Brown. May it please the Court. At issue on this appeal are two cases that involve different sets of facts. Two different debts from two different hospitals. Two different dispute letters, one for each debt. And two different false credit communications, one for each debt. When two cases involve two different sets of facts, res judicata does not apply. I am puzzled since no one has ever asserted that res judicata applies. That was the basis of the District Court's ruling? No, the District Court did not invoke res judicata or claim preclusion. The District Judge said that there is some independent bar on claim splitting, independent of res judicata. The first suit could not be the basis of a claim of res judicata because it wasn't litigated to conclusion. It was settled and therefore has no preclusive effect. The only thing that might have a preclusive effect out of the first suit would be a release. And there's no release in this record. That's correct, Your Honor. So the District Court asserted that there is a federal requirement of mandatory jointer. And I wonder where that might come from. It's not the law of preclusion. I'll be asking this same question of Mr. Hardy. Well, I guess I'm a little confused, Your Honor, because the District Court's opinion was premised on the identity of claims issue in res judicata. The Judge said if claims are identical, you can file only one suit about them, independent of whether the first suit went to judgment. That is, it's a ruling about mandatory jointer, not about the law of preclusion. I am a little taken aback, Your Honor, because the District Court's opinion discussed the three prongs of res judicata. The problem is there isn't any judgment in the first case. The law of judgments depends on there being a judgment. My understanding is that the settlement is considered a final judgment on the matter. No, it's not. The effect of the first case depends on the terms of a release. And there's no release in this record. This is just black-letter law. Well, again, my research suggested quite the opposite, Your Honor, that when a claim is settled, that the settlement can be treated as a final judgment on the matter. Oh, that claim. I give up. Well, if res judicata doesn't apply, then there's already clear error that merits reversal. Yeah, well, it would be if you were making the right argument.  Has anybody asked to see the release that ended the first case? No. I mean, I've seen the release that ended the first case, Your Honor. Is that in the record? I couldn't find it in ñ certainly not in this record. But was that filed in the first case that was settled? No, the settlement agreement was confidential. Okay. And so the document has never been made a matter of public record. What happens as a result of the first case depends on what the parties agreed happened. They could have agreed to bar any other similar claims. It's common in a release that all claims the same plaintiff has against the same defendant are barred. Or they could have decided to make it case-specific. I don't see how we can resolve this without knowing what's in the release. Well, I don't want to betray the confidentiality provisions of that agreement, but I will say that the other side has not raised the issue that the release ñ That's true. ñ that the release bars the plaintiff. And release is an affirmative defense, which is waived if not raised. That's provided in Rule 8. But, again, Your Honor, I guess I'm here seeking reversal of the court's decision as written. And the district court's decision, as I understood it, was a decision premised on res judicata. If that is an inaccurate understanding of the decision, then my oral argument notes are not going to be particularly helpful. I guess the only other issue of law that I observed in the district court's decision was with respect to the statutory damages cap and how the statutory damages cap on FDCPA claims would preclude the ability to collect an additional statutory damages amount in the second case. The statutory damages cap is on a per-action basis. This is a separate action premised on a separate debt and separate violations of the act. So the statutory damages cap would not apply to the second case beyond the $1,000 on a per-action basis. So the $1,000ó Why proceed the way that you did, even if it is legally permissible? Same plaintiff, two debts arising about the same time. I don't know if they came out of the same injury. I couldn't tell from the record if the hospital bills or medical bills came out of the same injury. You sue the same defendant in both. You sue the defendant for one and settle it. And then about 16 days later, you sue on the second. It seems odd the way it was structured and the fact that you didn't try to settle them all globally with the first one. How did this come about? I'm a little puzzled by it. Well, I can't speak to the settlement and how that all occurred. I wasn't even privy to the settlement. But I can say that it's common practice to file successive lawsuits when you have separate transactions. Debt collectors win the shoes on the other foot. But these are so related. I agree they're separate transactions. They're separate debts. They're so related, though, in the same parties, same time period, same defendant. It seems sneaky. Well, Your Honor, I can't speak to the motivations. I did not work on the case initially. I came in towards the end of the case. But, again, if something is unseemly, that's a separate question to whether it's permissible under the law. And unseemly behavior in the eyes of certain observers that is still nevertheless legally permissible is legally permissible. So if parties are allowed to do something under the law, the question for why they chose to do it in one allowable way versus another allowable way is really not at issue. It's kind of irrelevant to whether preclusion of any kind or a mandatory joinder would apply. But going back to the statutory damages issue, that seems to be Judge Wood's primary issue with the success of lawsuits. And, again, our view is that $1,000 is a statutory damages cap on a per-action basis. You have separately actionable items. And, therefore, the statutory damages cap would be $1,000 per case in this instance. And Judge Wood's concern to the contrary is irrelevant. I'm going to reserve the remainder of my time for rebuttal. Thank you. Certainly, Mr. Brown. Mr. Hardy. May it please the Court. Are counsel in agreement that the release from the first suit is not in the record? Yes. But it's irrelevant. So is there any authority for the proposition that the settlement of one case permits invocation of what in the law of preclusion is called the doctrine of merger and bar? Well, that is an issue that has not been briefed and has not been raised. Yes, alas. The reason it has not been raised, Your Honor, is because there was a stipulation filed to dismiss the case with prejudice on the merits. That's the stipulation. That's the order that was filed in the first case. That's the reason the trial judge said, and the plaintiff has not raised, either in this appeal or below, the issue, or if he did raise it below, he's abandoned it at this point, the issue of whether there was a final judgment on the merits. Those were conceded. The plaintiff doesn't raise that in his brief, so it's been forfeited. We could certainly brief that issue if the court wanted us to brief the issue, but I can tell you, and I can locate it for you if the court would like me to, but there is a specific stipulation in case one, and it did result in a dismissal on the merits. So that's why we have the ‑‑ That was filed on the docket, wasn't it, in the first case? It was filed in the first case. The stipulation. That would be dismissed with prejudice and on the merits. And it was dismissed with prejudice and ultimately on the merits. So that is not an issue. The first two prongs of claim ‑‑ of race judicata are not at issue, and that's why the trial judge below went right to the issue of claim splitting, which was the issue that we raised. And when you look at the test that applies for that, and you look at the facts, as you point out, Judge Eve, they are identical letters. They are identical ‑‑ they were sent by the same lawyer, sent to the same defendant, relating to the same time period. They are different debts, but they allegedly affected exactly the same credit report, and they both ‑‑ But doesn't the fact that they're different debts make them different transactions, or how are you asking us to define transaction? Well, the court ‑‑ of course, the word transaction, if you go back through the case law, the transaction test has been defined many times, and as we point out in our brief, you know, the court has sort of refined or talked about the restatement in the Herman case, and the restatement talks about a series of transactions. It doesn't ‑‑ you can have a series of facts or a series of transactions that relate to the cause of action, which is exactly what we have here, because under the statute, you can only get $1,000 pay cap. Well, take my hypothetical from the last case, okay? Somebody shows up on Monday, applies for a job, and the employer says, we don't hire blacks here, go away. On Friday, the person shows up again, says, we still don't hire blacks here, go away. He sues on the first claim, doesn't mention the second, and let's suppose he loses, and he sues on the second. Is that barred because it should have been joined with the first claim? Well, I think the problem with that ‑‑ The answer will be yes or no, and then you can explain why. Well, if the statute of limitations had already expired, I would say as a ‑‑ There's no statute of limitations problem in this case. He files his lawsuit the next day. And it's after ‑‑ We're asking about whether the two had to be joined in a single lawsuit. Well, I think under those circumstances, they would have to be joined under a single lawsuit. And is there any authority for that proposition? Well, the test that you apply ‑‑ Is there any authority for that proposition? Yes. There's a Bernstein case. There are many cases which talk about how you have to look at the totality of the circumstances. It's a fact‑oriented approach that you have to apply. And your hypothetical, Your Honor, is a completely different case. We're talking about the FDCPA here. And both of those complaints ‑‑ Counsel, let us see if we can get the Title VII case right first. All right. The Supreme Court has already held, with respect to that, that each separate employment decision is a separate action and separately litigable. Right? Doesn't that preclude calling them the same transaction? If they were the same transaction, they would not be separately litigable. They would not have separate periods of limitations attached to them. Well, but here, in our case ‑‑ I'm not asking about here. Right? I'm well aware that this is a hypothetical question. That's why we engage in them. I would like you to engage. Sure. Well, if the Supreme Court has said that those are separate transactions under those circumstances, then I would agree with you. But here, the debts are not what are principally at issue. We're not ‑‑ the debt collector is not suing on these debts. The consumer is suing under the FDCPA. On failure to tell the credit agency that the debt is contested. Correct. Those things happened at different times. It would have been possible to give that information with respect to the first debt but not the second, or the second but not the first. The period of limitations would be different on each one. Right? Unless they're the same transaction, even if we view the first case as ending in a judgment, there's no merger and bar. And I'm trying to figure out why if you go back to the last case where we're figuring out what the periods of limitations are on transactions or the Supreme Court's decision in Morgan against Amtrak, how we would call these two different failures to report contests to the debt collection agency as the same transaction. Because they're the same related transactions as ‑‑ They are related. Well, not only are they related, they're the same time periods. The same. The same time periods. The same letters, the same alleged failure to report at the same time. Let's go back to my employment discrimination. It's the same week. It's the same violation of Title VII. It's the same supervisor. The Supreme Court says they are not the same transaction. They have their own periods of limitation. You can do one but not the other. You could have learned your lesson or not. But this is an FDCPA action where the remedy,  and the remedy depends on the number of violations, the $1,000 cap. So you're saying we define the transaction by the remedy? No, but it's part of it. You have to look at the totality of the circumstances. You have to look at not only the specific facts that are alleged, and there's no question that both of these claims could have been brought at the same time. Plaintiff doesn't dispute that. Rule 18A allows that. But the word in Rule 18A is may, not must. I understand that. Separate claims may be joined. It's not that they must be joined. The only mandatory joiner rule is for compulsory counterclaims. And whatever this is, it wasn't that. Well, I agree with you on that. But as the district court noted, both of those cases go to the issue of the $1,000 cap. And your question was, why did you do this? Well, the reason they did it, they state why they did it, because they want to pursue attorney's fees. And what's wrong with that? If the statute gives people an incentive to file separate suits, then you can expect them to file separate suits. I don't think the statute gives them the right to do that. Look, debt collectors are allowed to pursue multiple debts. It happens all the time. There's nothing in the statute, in the FDCPA, that says that the $1,000 cap applies only when you're pursuing one debt. It talks about a suit, 1692K, the very provision at issue and the provision that the trial judge relied upon. It talks about suing any debt collector who fails to comply with any provision of this title with respect to any person. Okay? And then, and that's what we have here. We have a debt collector trying to collect on a couple of debts. We have that in many cases. We had that in the Roan case from earlier, where you had, which wasn't cited, but since we're talking about this, that's the case where there were 10. The question was whether you had to report it in the aggregate or separately. Would there be a suit for every single one of those? No, because the statute contemplates suing a debt collector, a person suing a debt collector, and it doesn't say anything about allowing a $1,000 statutory cap for a separate lawsuit. If we allow a separate lawsuit for every debt that a debt collector is collecting, that's simply contrary to the plain language of the FDCPA. The FDCPA? What is the plain language that bars separate litigation? You're now making, it seems to me, an argument about good public policy, and it may be a very good argument about good policy, but normally we see if there's some statutory rule. What is it about the statute that forbids sequential lawsuits? Well, I see that I'm out of time. But you can always, as long as we're asking, you can answer. Sure. Well, the statute itself, I mean, I guess it doesn't forbid separate lawsuits, but here we're talking about claim splitting, so it's a matter of applying the facts to the specific test. Okay, so it's not anything about the fair debt collection. Well, the fair debt collection… Thank you, counsel. You're welcome. Thank you, Your Honor. Anything further, Mr. Brown? I'll make it brief. I'll just add that affirming the district court's decision on the res judicata issue would make an utter mess of res judicata law. In the Seventh Circuit, the court would be supplanting a clear standard of the same transaction or same operative facts with a murky, undefined notion of sufficiently similar based on superficial characteristics. And this court in the Hermon case was plainly concerned about this when it stated, and I'll quote, where certainty is that a premium sound lawmaking requires the setting forth of clear and definite criteria rather than a general directive to decide each case in a manner that will maximize the attainment of the law's objectives. And that's 999F2nd Act 226 in the Hermon case. The res judicata analysis set forth in our briefing does offer a clear, bright line for when a subsequent litigation will be barred. The construction set forth in my opponent's briefing is abundantly unclear, filled with ambiguity and subjective notions about what is sufficiently similar without a clear line for predictability going forward. For those reasons, the court should reverse the district court's decision in the case below and remand for further proceedings. Thank you. Thank you very much. The case is taken under advisement.